**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000544
28-JUN-2018
08:12 AM**

NO. CAAP-17-0000544

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
KRISTEN NICOLE AKEMI HIGA, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-16-03508)

SUMMARY DISPOSITION ORDER
(By: Ginoza, C.J., Fujise and Reifurth, JJ.)

Defendant-Appellant Kristen Nicole Akemi Higa (**Higa**) appeals from two Notices of Entry of Judgment and/or Order and Plea/Judgment (**Judgment**) entered on May 15, 2017 and June 14, 2017, respectfully, in the District Court of the First Circuit, Honolulu Division (**District Court**).[1]  After a bench trial, the District Court found Higa guilty of operating a vehicle under the influence of an intoxicant (**OVUII**), in violation of Hawaii Revised Statutes (**HRS**) §§ 291E-61(a)(1) and (b)(1) (Supp. 2017).[2]

---

[1]  The Honorable James H. Ashford presided over Higa's trial.  The Honorable Melanie M. May presided over Higa's sentencing.

[2]  HRS §§ 291E-61(a)(1) provides:

§291E-61  **Operating a vehicle under the influence of an intoxicant.**  (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:
(1)  While under the influence of alcohol in an amount

(continued...)

On appeal, Higa contends that: (1) the District Court erred in denying Higa's "Motion to Suppress Statements" (**motion to suppress**) filed on November 18, 2016 because she was not advised of her <u>Miranda</u> rights and did not waive her <u>Miranda</u> rights before being subjected to custodial interrogation; (2) the District Court erred in denying Higa's motion to suppress because Officer Darryl Jones' (**Officer Jones**) initial order for her to get out of her vehicle was illegal as there were no specific and articulable facts to believe a crime had been committed; and (3) without the improperly admitted evidence of Officer Jones' testimony regarding Higa's verbal responses and physical performance on the standardized field sobriety test (**SFST**), there was insufficient evidence to convict Higa.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant legal authorities, we resolve Higa's points of error as follows, and we affirm.

At trial, Officer Jones testified to the following:

On September 25, 2016, at about 3:20 a.m., Officer Jones effected a traffic stop of a car being driven by Higa. Officer Jones first saw Higa's vehicle directly in front of his patrol car on Bethel Street in the far left lane. Both Officer Jones and Higa were stopped at the red light to make a left-hand turn onto South Beretania Street. When the light changed, Higa's vehicle turned left onto Beretania Street, a six-lane, one-way westbound street, and proceeded towards Nuʻuanu Avenue in the third from the left lane.[3] The two far right lanes turn right

---

[2](...continued)
> sufficient to impair the person's normal mental
> faculties or ability to care for the person and
> guard against casualty[.]

[3]  Although Officer Jones describes Higa's car was in the "third from the left lane," for the purposes of clarity, we will refer to the position as the fourth lane from the left.

onto Nuʻuanu Avenue and the other four lanes go straight on Beretania Street.

When Higa approached the intersection of Beretania Street and Nuʻuanu Avenue, her lane had the red light.  As Higa approached the red light, Officer Jones could see that Higa did not apply the brakes because no brake lights were illuminated. Officer Jones observed Higa's car accelerating towards the intersection.  Higa's car was across the stop line but was not in the intersection completely when a car driving on Nuʻuanu Avenue crossed the intersection in front of Higa.  Higa stopped abruptly to prevent a collision with the other car.  The car driving on Nuʻuanu Avenue had the right of way.

Although Officer Jones could not testify as to how closely the two vehicles had come to colliding, Officer Jones had expected a collision and had braced for an impact.  After the other car passed the intersection but before the traffic light changed, Higa "let off the brakes to [her car] and proceeded like she had the green light."  Before Higa's car could completely enter the intersection, Officer Jones turned on his patrol car's lights and Higa's car came to an immediate stop.  At this point, Higa's car was stopped in the middle of the road, just entering the intersection and blocking the fourth lane from the left on Beretania Street.

Officer Jones approached Higa's car and asked for her driver's license which she provided.  Officer Jones took note of the four passengers in the car and could smell a "very strong odor of alcohol coming from the vehicle" while talking to Higa. Officer Jones observed Higa had watery eyes and her speech was slurred.  Officer Jones then asked Higa to step out of the car to ascertain whether the smell of alcohol was coming from Higa or the passengers.

Higa and Officer Jones went to the concrete traffic island on Nuʻuanu Avenue and Beretania Street.  While Officer Jones spoke with Higa, he could smell a very strong odor of alcohol coming from her.  Officer Jones then asked Higa to participate in a SFST and Higa agreed to do so.

Prior to administering the SFST, Officer Jones asked Higa the "standardized field questions" or "medical rule-out questions." Officer Jones asked Higa whether she was "wearing contacts, if she has any speech impediments, under the care of a doctor, and so on." Higa only answered "yes" to the question as to whether she wore contacts.

Higa swayed from side to side during the horizontal gaze nystagmus test and the instructional phase. During the walk and turn test, Higa had her arms away from her body both before and after the turn portion of the test. Higa began walking heel to toe on the first few steps but missed all heel to toe on her final steps before the turn. Although Higa counted nine steps before the turn, she only took eight steps because she had started her count from count two instead of beginning from count one. Higa then did a spinning motion for the turn instead of a slow, deliberate turn and "she kinda lost her balance and stepped around." After the turn, Higa took ten steps instead of nine and stopped counting out loud in the middle of her return steps, missing most of the heel to toe steps.

Finally, during the one leg stand test, Higa's raised foot fluctuated in height, she swayed from side to side, her arms were slightly away from her body, and her counting was soft and slurred.

Higa testified at trial to the following:

On September 25, 2016, prior to being stopped by Officer Jones, Higa and her four friends were at "Manifest," a bar where Higa had consumed two alcoholic mixed drinks which contained whiskey and ginger around midnight. Thereafter, Higa and her four friends went to "Downbeat," a restaurant. Although it is unclear from the record what time Higa started driving, Higa and her friends left a paid parking lot in front of "Marks Garage."

Higa was "[n]ot particularly" familiar with the area and asked her friends for directions so that she could take them home. Her friends were "[r]eally loud, talking a lot, chatting"

4

in the car and were not responding to Higa's questions for directions. Higa was "[p]robably not completely" sober when she was driving.

After turning left onto Beretania Street, Higa saw a green arrow on the traffic light on the traffic island to her right. Higa did not check for other traffic lights in front of her car. When Higa stopped abruptly to avoid colliding with the other car, Higa believed the other car had run a red light. After the abrupt stop, Higa believed she had the green light and began moving her car forward. When Higa was pulled over by Officer Jones, her car was not blocking any of the lanes for Nu'uanu Avenue.

**(1) Miranda Warning.** Higa contends the District Court erred by denying her motion to suppress Officer Jones' observations of Higa during the SFST because she was not advised of her rights under Miranda v. Arizona, 384 U.S. 436 (1966), and did not waive her Miranda rights. Higa relies on State v. Tsujimura, 140 Hawai'i 299, 400 P.3d 500 (2017) to assert that she had a pre-arrest right to remain silent and that she "was seized at the moment that Officer Jones detained her for the traffic stop" and therefore should have been advised of her right to remain silent. Higa also argues she was subjected to custodial interrogation by Officer Jones during the SFST, and therefore should have been advised of her Miranda rights. For the reasons set forth below, we disagree.

First, a traffic stop does not automatically constitute a seizure requiring Miranda warnings. See State v. Kaleohano, 99 Hawai'i 370, 376, 56 P.3d 138, 144 (2002) (holding a motorist is not in custody "for purposes of Miranda merely because she had been pulled over pursuant to a valid traffic stop"); Berkemer v. McCarty, 468 U.S. 420, 437-39 (1984) (holding that persons temporarily detained pursuant to ordinary traffic stops are not in custody for purposes of Miranda). Here, Higa was pulled over after a valid traffic stop after Officer Jones observed her vehicle pass the stop line at a red light and almost collide with

5

another vehicle.  Under the totality of the circumstances of the traffic stop in this case, Higa was not in custody for Miranda purposes and was not subjected to custodial interrogation.

Second, Tsujimura is not dispositive in the instant case.  The court in Tsujimura held that a person has the right to remain silent pre-arrest.  Tsujimura, 140 Hawai'i at 310-11, 400 P.3d at 511-12.  The issue in Tsujimura was whether the defendant's pre-arrest silence could be used against him substantively as an implication of guilt, not whether Miranda warnings were required.  Id. at 311-14, 400 P.3d at 512-15.

Third, the SFST does not seek either communication or testimony, and instead involves an exhibition of "physical characteristics of coordination."  State v. Wyatt, 67 Haw. 293, 303, 687 P.2d 544, 551 (1984).  Real or physical evidence obtained from a suspect is distinct from communicative or testimonial evidence and does not violate a person's right to remain silent.  Id. at 302-03, 687 P.2d at 551 (citing Schmerber v. California, 384 U.S. 757, 763-64 (1966)); see also State v. Kahana, No. CAAP-17-0000359, 2018 WL 2316511, at *2 (Hawai'i App. May 22, 2018).

Based on the above, the District Court did not err in denying Higa's motion to suppress.

**(2)  Specific and Articulable Facts.**  Higa next contends the District Court erred in denying her motion to suppress because Officer Jones ordered her to exit her vehicle when he had no reasonable basis of specific and articulable facts to believe a crime had been committed.  We disagree.

To support her argument, Higa relies on State v. Kim, 68 Haw. 286, 290, 711 P.2d 1291, 1294 (1985), which held that under article I, section 7 of the Hawai'i Constitution, "a police officer must have at least a reasonable basis of specific articulable facts to believe a crime has been committed to order a driver out of a car after a traffic stop."  However, Kim is distinguishable from the instant case.  Kim involved a defendant who made a right turn through a red light without first stopping

or signaling his intention to make a right turn.  Id. at 288, 711 P.2d at 1293.  In Kim, it was only after the defendant had exited the vehicle that the police officer observed any indications that the defendant was intoxicated.  Id.

Here, Officer Jones asked Higa to step out of her vehicle after observing her near-miss with another vehicle and smelling a very strong odor of alcohol coming from the vehicle. Officer Jones also observed that Higa had watery eyes and that her speech was slurred while she was still in her vehicle.  See Wyatt, 67 Haw. at 300-01, 687 P.2d at 550 (involving a traffic stop of a motorist driving without headlights, during which the police officer could smell alcohol coming from the vehicle and the defendant stated that she had been drinking); State v. Kuba, 68 Haw. 184, 185, 706 P.2d 1305, 1307 (1985) (involving a police officer asking a motorist to step out of his vehicle after observing the motorist straddle two lanes of highway and driving at an abnormally slow rate); see also, Kim, 68 Haw. at 290, 711 P.2d at 1294 (concluding there were specific articulable facts to justify ordering the drivers out of their vehicles in Wyatt and Kuba).  Given the observations made by Officer Jones of Higa's traffic violation (proceeding through a red light), the near-miss with another vehicle, Higa's watery eyes and slurred speech, and the strong smell of alcohol emanating from her vehicle, Officer Jones had a reasonable basis to believe Higa was operating a vehicle under the influence of an intoxicant when he asked her to exit her vehicle.

Based on the foregoing, we conclude there were specific articulable facts to believe a crime had been committed to justify Officer Jones' request for Higa to step out of her vehicle.  Consequently, the District Court did not err in denying Higa's motion to suppress.

Given the above, we need not address Higa's third point of error.

Therefore, we affirm the District Court of the First Circuit, Honolulu Division's Notices of Entry of Judgment and/or Order and Plea/Judgment, filed on May 15, 2017 and June 14, 2017.

DATED:  Honolulu, Hawaiʻi, June 28, 2018.

On the briefs:

Alen M. Kaneshiro,
for Defendant-Appellant.

Brian R. Vincent,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

8